UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CELESTE ODA,<br><br>  Plaintiff,<br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | Case No.: CV11-04514 -PSG<br><br>**ORDER DENYING MOTION TO AMEND THE COMPLAINT AND JOIN A NEW PARTY DEFENDANT**<br><br>**(Re: Docket No. 13)** |

Plaintiff Celeste Oda ("Oda") moves to file a first amended complaint adding a new defendant. Defendant United States of America ("Defendant") opposes the motion. The court heard oral argument on February 28, 2012 and has considered the moving and responding papers. For the reasons set forth below, the motion to amend the complaint is DENIED.

**I.   BACKGROUND**

On December 15, 2008, Oda was involved in an accident while at work for the Santa Clara Valley Transportation Authority ("VTA").[1]  At the time of the accident, Oda was driving a VTA vehicle.[2]  Oda alleges that Deborah Anne Conant ("Conant") negligently drove her car into Oda's car, injuring Oda.[3]

---

[1] Docket No. 14 at 2-3.

[2] *Id.* at 3.

1
Case No.: CV11-04514 -PSG
ORDER DENYING MOTION TO AMEND THE COMPLAINT AND JOIN A NEW PARTY DEFENDANT

On March 9, 2009, Oda was involved in a second vehicle accident while driving her own car.[4] Oda alleges that Phuong Tuan Le, an employee of the United States Postal Service ("USPS"), negligently drove a USPS vehicle into Oda's car within the course of his employment.[5]

In her original complaint filed on September 12, 2011, Oda filed claims only against Defendant for the March 9, 2009 accident. Oda brings this motion for leave to amend the complaint to join Conant as an additional defendant for the accident that happened a few months earlier.[6]

## II.  LEGAL STANDARDS

Fed.R.Civ.P. 15 provides that leave to amend pleadings generally should be given freely "when justice so requires." But leave may be denied based on "futility of amendment."[7] Fed.R.Civ.P. 20 sets forth specific standards for permissive joinder. Under Rule 20, parties may be joined in a single lawsuit where the claims against them arise from "the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." A court may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[8]

---

[3] *Id.*

[4] *Id.* at 2.

[5] *Id.*

[6] At oral argument, Oda's counsel confirmed that Oda previously sued Conant in Santa Clara Superior Court. A trial is set for later this year.

[7] *Foman v. Davis*, 371 U.S. 178, 182.

[8] 28 U.S.C. §1367.

2
Case No.: CV11-04514 -PSG
ORDER DENYING MOTION TO AMEND THE COMPLAINT AND JOIN A NEW PARTY DEFENDANT

### III. DISCUSSION

In order to successfully join Conant, Oda must satisfy the permissive joinder requirements under Rule 20 and separately must establish that this court has subject matter jurisdiction over the state claims against Conant.[9]

#### A. Permissive Joinder under Rule 20

In arguing for joinder, Oda primarily relies on the case of *Wilson v. Famatex GmbH Fabrik Fuer Textilausruestungsmaschinen*.[10] In *Wilson*, the plaintiff injured his finger while operating a dyeing machine.[11] After the incident, a doctor allegedly committed medical malpractice in performing surgery, resulting in further injury to the finger.[12] The plaintiffs originally only sued the manufacturer of the machine, but after the case was removed to federal court based on diversity, the plaintiffs moved to join the doctor.[13] The court determined that joinder was permissible under Rule 20, reasoning that "[a]lthough Dr. Schoenbach's treatment of Leo Wilson's finger is a separate proposition from the injury of his finger in the machine, the two incidents are part of a series of occurrences which have allegedly contributed to the current condition of Leo Wilson's finger."[14] The court added that "[c]ommon questions of law and overlapping questions of fact will arise both with regard to the cause of Leo Wilson's disability and the extent of his damages."[15]

---

[9] *See Sunpoint Sec., Inc. v. Porta*, 192 F.R.D. 716, 719 (M.D. Fla. 2000).

[10] 726 F. Supp. 950 (S.D.N.Y. 1989).

[11] *Id.* at 951.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

3
Case No.: CV11-04514 -PSG
ORDER DENYING MOTION TO AMEND THE COMPLAINT AND JOIN A NEW PARTY DEFENDANT

Other courts have analyzed the same issue presented in *Wilson*. While some courts agree with the holding that overlapping liability is enough to satisfy Rule 20 joinder,[16] other courts have held to the contrary.[17] In *Guidant*, which involved a defective defibrillator and a doctor's alleged malpractice in implanting and removing it, the plaintiff asserted the "same claim for damages against all Defendants and that each Defendant is jointly and severally liable for the damages [plaintiff] sustained."[18] Nevertheless, the court decided against joinder of the products liability defendant and the medical malpractice defendant because "[a]ny liability that may be found against either [defendant] would not be a basis for liability as to the other," and thus the separate claims do not involve common questions of law or fact.[19]

This court is not persuaded by Oda's arguments and the reasoning of the *Wilson* line of cases, and consequently agrees with the holding of *Guidant*. The instant action is based upon two completely separate accidents. Although the two accidents allegedly contribute to Oda's current injuries, the facts surrounding the accident with the USPS driver and the facts surrounding the accident with Conant are wholly distinct from one another. A finding of liability in one instance will have no bearing whatsoever on a finding of liability in the other, as the evidence required in determining liability in either case will be completely separate. The court finds joinder under Rule 20 improper.

---

[16] *See, e.g., Stephens v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, 807 F. Supp. 2d 375 (D. Md. 2011); *Wyatt v. Charleston Area Medical Center Incorporated,* 651 F.Supp.2d 492 (S.D.W.Va. 2009); *Rodriguez v. Abbott Laboratories*, 151 F.R.D. 529 (S.D.N.Y. 1993).

[17] *See, e.g., In re Guidant Corp. Implantable Defibrillators Products Liab. Litig.*, MDL 05-1708 DWF/AJB, 2007 WL 2572048 (D. Minn. Aug. 30, 2007); *see also Sutton v. Davol, Inc.*, 251 F.R.D. 500 (E.D. Cal. 2008) (following *Guidant*).

[18] *Guidant*, 2007 WL 2572048 at *2.

[19] *Id.*

4

Case No.: CV11-04514 -PSG
ORDER DENYING MOTION TO AMEND THE COMPLAINT AND JOIN A NEW PARTY DEFENDANT

### B. Subject Matter Jurisdiction over the State Claims against Conant

Even if joinder were appropriate, the next step in the analysis would be to determine whether this court has subject matter jurisdiction over the state claims against Conant. The parties agree on the underlying law. The claim against the United States arises out of the Federal Tort Claims Act, and so this court's jurisdiction over the state claim against Conant is determined with reference to the "same case or controversy" requirements of 28 U.S.C. §1367(a). A state claim is part of the same case or controversy when it shares "a common nucleus of operative fact" and the claims would normally be tried together.[20]

Oda maintains that the 'common nucleus of operative fact' standard is satisfied because the government and Conant are "inextricably intertwine[d] with regard to the cause of Oda's injuries and the relative liability of each Defendant."[21] Oda fails however to cite any authority for the proposition that overlapping damage theories are operative facts conferring supplemental jurisdiction.

Defendant cites to the case of *Serrano-Moran v. Grau-Gaztambide* for the contrary proposition that overlapping liability and damages do not necessarily confer supplemental jurisdiction.[22] In that case, the plaintiffs brought a federal civil rights suit against police officers who allegedly beat their son.[23] The district court refused to exercise supplemental jurisdiction over the medical malpractice state law claims against the medical defendants who treated their son after the alleged beating.[24] The district court found that "the claims against the medical defendants did

---

[20] *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

[21] Docket No. 18 at 6.

[22] 195 F.3d 68 (1st Cir. 1999).

[23] *Id.* at 69.

[24] *Id.*

5

Case No.: CV11-04514 -PSG
ORDER DENYING MOTION TO AMEND THE COMPLAINT AND JOIN A NEW PARTY DEFENDANT

not share a common nucleus of operative facts with the claims against the police because the facts relevant to the civil rights claim were entirely separate from the facts relevant to the malpractice claim, and because there was a temporal break between the two sets of facts." [25] On appeal, the plaintiffs' primary argument was that each of the defendants will point to the other as the cause of death and that creates a common nucleus of operative facts.[26] The appellate court affirmed the district court's decision, reasoning that "[t]he facts and witnesses as to the two sets of claims are essentially different, not common, as the district court found. That there may be finger-pointing defenses, whether at the liability or damages stage, does not change this assessment."[27]

The argument the plaintiffs made in *Serrano* is essentially the same argument Oda makes in the instant action. Oda attempts to distinguish *Serrano* by asserting that whereas the facts necessary to prove a violation of civil rights and medical malpractice may be entirely different, the same cannot be said of the facts surrounding two automobile accidents.[28] But this suggests – incorrectly – that because the causes of action against Defendant and Conant are the same in this case, there will be a common nucleus of operative facts. *Serrano*, however, did not focus on the different causes of action, but rather its conclusion that the claims related to two completely different incidents, as "[t]he facts and witnesses as to the two sets of claims are essentially different" and not in common.[29] As *Serrano* itself put it, "[w]hether or not the police violated

---

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] Docket No. 18 at 8.

[29] *Serrano*, 195 F.3d at 70.

6
Case No.: CV11-04514 -PSG
ORDER DENYING MOTION TO AMEND THE COMPLAINT AND JOIN A NEW PARTY DEFENDANT

Serrano-Rosado's civil rights has nothing to do with whether the hospital and doctors conformed to the requisite standard of care."[30]

Despite Oda's causes of action against Defendant and Conant being the same, they are still based on two completely separate incidents, notwithstanding the potential overlapping damages and liability. The facts and witnesses surrounding the accident with the USPS worker are separate from the facts and witnesses surrounding the accident with Conant. There is no common nucleus of operative facts between the claims against Defendant and Conant that would warrant this court exercising supplemental jurisdiction over Conant.

## IV.   CONCLUSION

The court is not persuaded that joinder would be permissible if Oda's proposed amendment were affirmed. In any event, because the causes of action against Defendant and Conant result from two completely separate incidents, this court may not exercise its supplemental jurisdiction over the state law claims against Conant. The motion to amend the complaint to join a new defendant is DENIED.

**IT IS SO ORDERED.**

Dated:   3/2/2012

PAUL S. GREWAL
United States Magistrate Judge

---

[30] *Id.*