UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CELESTE ODA, | Case No.: C 11-04514 PSG |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO INCREASE THE AMOUNT OF AN ADMINISTRATIVE CLAIM** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | **(Re: Docket No. 22)** |

Plaintiff Celeste Oda ("Oda") moves to increase her administrative claim from $70,000 to $1 million. Defendant United States of America (the "Government") opposes the motion. On August 7, 2012, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Oda's motion to increase the amount of her administrative claim is DENIED.

Oda was involved in a series of automobile accidents, the second of which was a collision with Phuong Tuan Le, an employee of the United States Postal Service ("USPS"). This second accident occurred on March 9, 2009 and forms the basis of her claim under the Federal Torts Claims Act ("FTCA"). On May 27, 2010, Oda's counsel made a settlement demand to the Government for $70,000, including both medical costs and lost income.

Oda contends that since the date of the settlement demand, her injuries have worsened. According to Oda, her physicians now believe that Oda suffers from cervical radiculopathy and that she will require steroidal epidural injections and spinal surgery. These more recent opinions of her condition were rendered on July 6, 2011 and August 22, 2011. When the original settlement demand was made, she had no way of knowing that her injuries were as serious as they are, that they would progressively worsen or that she would face the prospect of long-term disability. Because Oda's present medical condition was not known at the time the settlement demand was made, it is newly discovered evidence and she should be permitted to increase the amount of her administrative claim.

The Government responds that Oda does not meet the standard for the extraordinary relief that she now seeks. Oda's counsel, both former and present, knew of her alleged radiculopathy when the administrative claim was first made and while it has been pending. In support of the original settlement demand, Oda's counsel included medical records that reflect a visit by Oda to Kaiser's urgent care clinic on the day of her second accident. Oda was diagnosed with post-motor vehicle accident cervical and trapezius strain superimposed on a pre-existing recent motor vehicle accident that has caused chronic neck pain and, critically, cervical radiculopathy. Oda sought medical attention at Kaiser's urgent care clinic for increasing stiffness, aches and tightness in her paracervical and trapezius muscle area. Oda also disclosed at the clinic visit that she had chronic numbness, tingling, weakness or pain radiation into her upper or lower extremities from the first accident that had been improving but were flaring again. Oda missed work for six months after the second accident occurred and thus Oda's counsel should have known that her condition might be more serious.

The Government also responds that Oda would have been permitted to amend her administrative claim at any time before the USPS denied her claim in writing. Here, the USPS denied her claim on October 28, 2011, well after Oda had received the subsequent diagnoses from her physicians on July 6 and August 22, 2011. At any time between August 22, 2011 and October 28, 2011, Oda's counsel therefore could have amended the administrative claim. He did not do so.

Finally, the Government argues that the medical evidence does not support Oda's claim that she necessarily requires epidural steroidal injections or spinal surgery. Oda never obtained a repeat MRI after the second accident to determine whether there was further damage to her spine. Two of Oda's treating physicians, Dr. Le (her primary care physician) and Dr. Wong (an orthopedic surgeon), dispute whether she requires surgery. Dr. Hsieh (a hand surgeon) concludes that Oda's numbness and tingling in her hands and pain in her wrists are not related to either of the two automobile accidents and instead, likely result from extensive prior computer usage at work and from face-painting that she does. Moreover, both Drs. Burt and Lettice opine that Oda may need surgery if her condition worsens or if further conservative treatments fail. Neither conclude that Oda requires surgery.

The court agrees with the Government, albeit on more limited grounds than the Government urges. The FTCA imposes a statutory cap on any damages that exceed the amount of the claim presented to the federal agency.[1] To qualify for an exception to the statutory cap, a plaintiff bears the burden of establishing that the increased amount sought is based upon newly discovered evidence not reasonably discoverable at the time the claim was presented to the federal agency, or intervening facts relating to the amount of the claim.[2] Here, Oda moves to amend the amount of her administrative claim on the grounds that there is newly discovered evidence that was not reasonably discoverable regarding her medical condition. But Oda knew that radiculopathy was part of her diagnosis at least from May 27, 2010, when she tendered her original settlement demand. Oda also failed to amend her claim before it was denied on October 28, 2011, even though she had obtained further diagnoses from two physicians suggesting epidural steroidal injections or spinal surgery on July 9 and August 22, 2011 might be appropriate to treat her medical condition. In addition, Oda was unable to work for at least six months. In sum, when the original settlement demand was made, Oda's medical condition was reasonably foreseeable and should have been contemplated.

---

[1] *See* 28 U.S.C. § 2675(b).

[2] *See Richardson v. United States,* 841 F.2d 993, 999 (9th Cir. 1988).

3

Case No.: C 11-04514 PSG
ORDER

1    **IT IS SO ORDERED.**

2    Dated:   8/20/2012

                                              PAUL S. GREWAL
3                                                  United States Magistrate Judge

4

**United States District Court**
For the Northern District of California

4

Case No.: C 11-04514 PSG
ORDER